RECORD NUMBER: 13-4143

# United States Court of Appeals
## *for the*
## Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**VICTOR PINEDA-COTO,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

# OPENING BRIEF OF APPELLANT

**RONALD COHEN
ATTORNEY AT LAW
121 South Second Street
Wilmington, North Carolina 28401
(910) 409-4345**

*Counsel for Appellant*

**CP  COUNSEL PRESS • VA – (800) 275-0668**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF JURISDICTION ............................................... 1

ISSUES PRESENTED ..................................................................... 1

STATEMENT OF THE CASE ........................................................ 1

STATEMENT OF FACTS .............................................................. 2

SUMMARY OF THE ARGUMENT ............................................. 3

STANDARD OF REVIEW ............................................................. 3

ARGUMENT .................................................................................. 4

    A.  APPELLANT VALIDLY WAIVED APPEAL AND APPEAL
         FROM SENTENCE ................................................................ 4

    B.  THE COURT'S RULE 11 PROCEDURE ADEQUATELY
         INFORMED APPELLANT OF HIS CONSTITUTIONAL
         RIGHTS, THE IMPACT OF TAKING  A PLEA AND HIS
         WAIVER OF APPEAL AND POST-CONVICTION
         REMEDIES ............................................................................ 5

    C.  APPEAL FROM THE SENTENCE IS WAIVED ......................... 8

    D.  THE RECORD DISCLOSES NO NON-FRIVOLOUS ISSUE
         FOR REVIEW ....................................................................... 9

CONCLUSION ............................................................................. 9

## TABLE OF AUTHORITIES

### CASES

*Anders v. California,*
   386 U.S. 738 (1967)............................................................................... 3

*Slayton v. American Express Co.,*
   460 F.3rd 215 (2nd Cir. 2006).................................................................. 1

*United States v. Attar,*
   38 F.3rd 727 (4th Cir. 1994) ....................................................................... 4

*United States v. Beltran-Ortiz,*
   91 F.3rd 665 (4th Cir. 1996) ....................................................................... 8

*United States v. Blick,*
   408 F.3rd 162 (4th Cir. 2005) ..................................................................... 4

*United States v. Copeland,*
   707 F.3rd 522 (4th Cir. 2013) ................................................................. 3, 4

*United States v. Johnson,*
   401 F.3rd 137 (4th Cir. 2005) ..................................................................... 4

*United States v. Marin,*
   961 F.2nd 492 (4th Cir. 1991)..................................................................... 8

*United States v. Wiggins,*
   905 F.2nd 51 (4th Cir. 1990)....................................................................... 4

### RULES, STATUTES, and  OTHER AUTHORITIES

18 U.S.C. § 3553(a) ........................................................................... 8

18 U.S.C. § 3553(f)............................................................................. 8

18 U.S.C. § 3742 .......................................................................... 2, 3, 9

28 U.S.C. § 1291 ...................................................................................... 1

28 U.S.C. § 2255 ...................................................................................... 2

U.S.S.G. § 5C1.2(a) ............................................................................. 8

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this case, a final judgment of the United States District Court for the Western  District of North Carolina, pursuant to 28 U.S.C. §1291.[1]

## ISSUES PRESENTED

1.  Whether Pineda-Coto competently waived appeal from the judgment and sentence?

    It is respectfully submitted that this question be answered in the affirmative.

2.  Whether the record fails to disclose any preserved, non-waived, issue for appellate scrutiny?

    It is respectfully submitted that this question be answered in the affirmative.

## STATEMENT OF THE CASE

Defendant-Appellant Victor Daniel Pineda-Coto ("defendant", "appellant" or "Pineda-Coto") appeals to the United States Court of Appeals for the Fourth Circuit from a judgment of conviction and a sentence of incarceration of 120[2] months (the statutory mandatory minimum) by the United States District Court for the Western District of North Carolina Western Division (Robert J. Conrad, Chief

---

[1] Notice of Appeal, District Court Docket #458, was within 14 days of the recitation of Judgment on the record (January 27, 2012) but preceded entry of Judgment memorializing the sentence directed on January 27, 2012.  No Notice of Appeal was filed post entry of Judgment.  The Notice of Appeal is both timely and effective. *Slayton v. American Express Co.,* 460 F.3rd 215, 223-224 (2nd Cir. 2006).
[2] Judgment, Docket #468 filed February 22, 2012, memorializing sentence imposed on January 30, 2012.

Judge).  (Judgment, District Court Docket #468).  Appeal was noticed.  (District Court Docket #458).

Pineda-Coto entered a plea of guilty under a written plea agreement signed by he and his counsel on January 19, 2012.  (District Court Docket #243).  That plea was accepted by a Magistrate-Judge, sitting by consent, following a hearing on January 27, 2012.  (Plea Transcript, January 27, 2012).

## STATEMENT OF FACTS

Pineda-Coto was charged in a multi-count, multi-defendant, indictment filed on November 16, 2011 with conspiracy to possess and distribute cocaine; conspiracy to possess and distribute marijuana; and conspiracy to launder money. (District Court Docket #189).

*Plea Agreement*

Notwithstanding anything else that might appear in the written plea agreement the portion relevant to this appeal is the section wherein Pineda-Coto waived appeal from the conviction or the sentence:

> The defendant has discussed with his attorney: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. §2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether there are potential issues relevant to an appeal or post-conviction action; and (3) and the possible impact of any such issue on the desirability of entering this plea agreement.

2

> The defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (a) claims of ineffective assistance of counsel or (2) prosecutorial misconduct.  The defendant also knowingly and expressly waives all rights, conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever
> sentence is imposed with the two exceptions set forth
> above.

Plea Agreement at ¶¶18, 19.  (District Court Docket #243).

Appeal waivers will be enforced if the waiver is valid and the issue sought to be appealed is within the scope of the waiver.  *United States v. Copeland*, 707 F.3rd 522, 528 (4th Cir. 2013).

## SUMMARY OF THE ARGUMENT

The record of this case presents no non-frivolous issue or no issue that has not been validly or competently waived for the purposes of appeal or post-conviction relief.

## STANDARD OF REVIEW

In reviewing an *Anders* brief the court reviews the entire record searching for potentially meritorious issues for review.  *Anders v. California,* 386 U.S. 738 (1967).

3

## ARGUMENT

### A. APPELLANT VALIDLY WAIVED APPEAL AND APPEAL FROM SENTENCE

An appellant in a plea agreement may waive certain rights, including the right to take an appeal.[3]  *United States v. Attar*, 38 F.3rd 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2nd 51, 53 (4th Cir. 1990).  While the question of the effectiveness or the waiver is subject to a *de novo* review, *United States v. Blick*, 408 F.3rd 162, 168 (4th Cir. 2005), nothing in this record suggests that Pineda-Coto did not enter into the plea agreement freely nor is there any indication that he did not understand both the appeal waiver and the other rights he waived in by the agreement and by his pleading guilty. *United States v. Copeland*, 707 F.3rd 522, 528 (4th Cir. 2013); *United States v. Johnson*, 401 F.3rd 137, 151 (4th Cir. 2005).

The Magistrate-Judge[4] specifically inquired into both the defendant's understanding of the Plea Agreement as a whole and the appeal and post-conviction remedy waivers in specific.  (Plea at 10).  The defendant indicated his understanding of the written plea agreement and its content.

---

[3] See, Plea Agreement, District Court Docket #50 at p.1 ¶c – waiver section, which included a waiver of appeal from the sentence imposed.

[4] Pineda-Coto specifically consented to plead before a Magistrate-Judge.  (Plea Hearing, January 27, 2012, at 3).

**B. THE COURT'S RULE 11 PROCEDURE ADEQUATELY INFORMED APPELLANT OF HIS CONSTITUTIONAL RIGHTS, THE IMPACT OF TAKING A PLEA AND HIS WAIVER OF APPEAL AND POST-CONVICTION REMEDIES**

The Magistrate-Judge conducted a Rule 11 colloquy during which the defendant, without exception or objection, (a) waived pleading to the District Court; (b) indicated that after conferring with counsel he wished to plead guilty to a single count of the multi-count indictment; (c) that defendant understood the potential penalties, the fact he faced deportation; and (d) had been informed of application of the United States Sentencing Guidelines (U.S.S.G.) to his case.[5] The defendant further indicated that he understood that (a) any sentence might vary from the U.S.S.G.; (b) that he might be subject to a restitution order; and (c) be subject to post-conviction supervised release which if violated might result in further incarceration.[6]

Defendant was informed of his right to plead not guilty, to a speedy trial before a court and jury and the right to call and to confront witnesses and that by pleading guilty he was waiving those rights.[7] Defendant indicated that he both understood and that he was pleading guilty because he was, in fact, guilty.[8]

---

[5] Plea at pp. 3, 4, 5.

[6] Plea at 5-6.

[7] Plea at 6-7.

[8] Plea at 7.

5

The written plea agreement was discussed in detail on the record, including the waivers discussed above, a stipulation that there was a factual basis for the plea, a stipulation as to the weight of the drugs, terms of cooperation and other obligations.[9]  Pineda-Coto indicated that he understood the plea agreement and that he had signed it and that it was voluntarily entered into.[10]

Pineda-Coto indicated that he had had sufficient time to discuss his case with counsel; that he was satisfied with counsel; and that, after the colloquies at the hearing he still wished to plead guilty.[11]  Counsel indicated that the defendant understood the plea agreement and the Magistrate-Judge accepted the plea.[12]

The District Court revisited the voluntariness of the plea and the plea agreement and found that Pineda-Coto was stating he was "walked through each step of his plea, indicating that it was knowing and voluntary.  And I don't see any defect in the procedure engaged in taking his plea."[13]

*Safety Valve*

Pineda-Coto, in the Plea Agreement, stipulated that the quantity of drugs in question as exceeding 2 kilograms but less than 3.5 kilograms[14] however he both

---

[9]  Plea at 8-10.

[10]  Plea at 10.

[11]  Plea at 10-11.

[12]  Plea at 11.

[13]  Sentencing Hearing at 7.

[14]  Plea Agreement ¶7a; see also PSR at p. 5 ¶2; p. 10 ¶18.

denied his guilt and disputed the quantity of drugs to be attributed to his

participation in an interview with the probation officer.  The PSR stated:

> During an interview with the probation officer on
> September 24, 2012, the defendant advised that he was
> not guilty of this offense.  He advised that he pled guilty
> on the advice of his counsel who told the defendant he
> would help him.  The defendant stated that he simply
> lived with some fried for free because of his drug habit
> and he did not have anywhere else to live.  He reports he
> did not know what his fried were doing.  *Therefore, the
> adjustment for acceptance of responsibility does not
> appear to apply.*[15]

As the defendant acknowledged having denied his guilt and his counsel

stated, "…I will tell the court [defendant], is in kind of a different place.  He did

enter a guilty plea.  He did accept responsibility through his guilty plea.  At the

time the presentence investigation was done, he said he was not guilty to the

probation officer, and he's held to that."[16]   After that admission, the defendant

attempted to back track and acknowledge both his guilt and the weight of the drugs

for the purpose of obtaining safety valve treatment.

The District Court found that Pineda-Coto had not been truthful[17] and was

not eligible for safety valve consideration under 18 U.S.C. §3553(f); U.S.S.G.

---

[15] PSR at p. 10 ¶21 (emphasis added).
[16] Sentencing at 2.
[17] Sentence at 12-13, 17.

§5C1.2(a). The Court sentenced the defendant to the statutory mandatory minimum which it held trumped the Guidelines.[18]

The District Court determined that Pineda-Coto had not truthfully provided the government with all evidence and information about the offense, failing to satisfy the fifth-prong of §3553, subdivision (f), and, indeed, defendant both denied his guilt and denied the calculus of the weight of the drugs after both having voluntarily pled guilty and stipulated to the weight in his Plea Agreement and during the plea hearing.

A defendant has the burden of demonstrating that he is entitled to benefit from the safety valve, *United States v. Beltran-Ortiz*, 91 F.3rd 665, 669 (4th Cir. 1996), and Pineda-Coto did not even attempt to carry that burden, claiming only to now have changed his position because it would be to his advantage. As such the question of his entitlement to the "safety valve" does not present a meritorious issue for appeal even were it not foreclosed by the waiver of appeal in the plea agreement and at the plea hearing.

## C. APPEAL FROM THE SENTENCE IS WAIVED

Any appeal from the sentence and however the sentence is arrived upon is foreclosed by the plea agreement.[19] E.g., *United States v. Marin*, 961 F.2nd 492, 496 (4th Cir. 1991).

---

[18] Sentence at 14, 16, holding such a sentence is necessary to accomplish the objectives of the §3553(a) of the Sentencing Reform Act.

**D. THE RECORD DISCLOSES NO NON-FRIVOLOUS ISSUE FOR REVIEW**

The record of this case discloses no preserved, non-waived issue for appellate review.

### CONCLUSION

For all the foregoing reasons it is respectfully prayed that judgment entered herein be affirmed, that the Court find that, under *Anders*, there is no non-frivolous issue for presentation to the Court, that counsel be permitted to withdraw and the Court grant such other and further relief as the Court deems in the interest of justice.

Dated: June 18, 2013                                  Respectfully submitted,

                                                     /s/ Ronald Cohen
                                                     Ronald Cohen

RONALD COHEN
ATTORNEY AT LAW
121 South Second Street
Wilmington, NC  28401
(910) 409-4345

---

[19] "The defendant also knowingly and expressly waives all rights, conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed…"  Plea Agreement at ¶19.

9

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

No. 13-4143            Caption: US v. Vicotr Pineda-Coto

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.     This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

☑        this brief contains _____1, 823_____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐        this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

☑        this brief has been prepared in a proportionally spaced typeface using
MS Word 2010_____ [*state name and version of word processing program*] in
_Times New Roman, 14 point_____ [*state font size and name of the type style*]; *or*

☐        this brief has been prepared in a monospaced typeface using
_____ [*state name and version of word processing program*]
with _____ [*state number of characters per inch and name of type style*].

(s) Ronald Cohen _____

Attorney for  Appellant _____

Dated: 06/18/2013 _____

Rev. 03/03/11

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Amy Elizabeth Ray
OFFICE OF THE UNITED STATES ATTORNEY
United States Courthouse
100 Otis Street Room 233
Asheville NC 28801-0000
828-271-4661
amy.ray@usdoj.gov


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel